# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FLORENCE ROSTAMI LAW LLC,

        Case No. 2:24-cv-11123-BRM-APP

   Plaintiff,

v.

        Honorable Brandy R. McMillion
        Magistrate Judge Anthony P. Patti

MITSUIYA INDUSTRIES, CO. LTD.

   Defendant.

---

# DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR IN THE ALTERNATIVE FOR DISMISSAL OR TRANSFER DUE TO IMPROPER VENUE

In response to Mitsuiya's motion, Florence Rostami Law LLC ("Rostami"), a New York law firm, continues to try to bootstrap jurisdiction for its fee dispute with Mitsuiya, a Japanese company with no physical presence or operations in the United States, onto Mitsuiya's prior litigation with non-party Gissing Technologies and its affiliates ("Gissing") that took place in Michigan between approximately 2020 and 2022. Other than Mitsuiya's technology licensing relationship with Gissing and its related or predecessor companies, at this point years ago, and the singular fact that the Eastern District of Michigan was the forum for the Mitsuiya/*Gissing* dispute, neither party in *this* case has virtually any connection to this state whatsoever. Why then, would Rostami attempt to haul Mitsuiya into a foreign court? Rostami carefully avoids answering this question for the Court. Regardless, the interests of fairness, due process, expedience and judicial economy all require that this Court grant Mitsuiya's Motion for dismissal.

I. **Most of the Background "Facts" Provided By Rostami Are Irrelevant To This Court's analysis**

Rostami provides a 39-page declaration from its principal and Mitsuiya's former attorney, Florence Rostami. [ECF No. 15-2]. While this Declaration contains numerous misstatements and inaccuracies, vociferously contested by Mitsuiya, virtually none of these averments, mostly relating to Rostami's representation of Mitsuiya in the Gissing

matters and Mitsuiya's dispute with Gissing, have any bearing on this Court's adjudication of Mitsuiya's pending jurisdictional motion. Also irrelevant are the past actions or primary places of business of various non-parties, such as Gissing, and whether they have, or had, contacts with the State of Michigan years ago.[1] The few relevant factual averments presented in Rostami's Declaration uniformly support Mitsuiya's position and dismissal of Rostami's complaint on jurisdictional or *forum non conveniens* grounds:

- Other than Mitsuiya being the Plaintiff in the Gissing lawsuit, Rostami has failed to assert *any* contacts by Mitsuiya with Michigan for many years. Rostami claims to have personal knowledge of several trips by Mitsuiya executives to Michigan <u>prior to 2016</u>, and likewise claims knowledge of various emails and calls to various non-parties located in Michigan <u>between 2013 and 2017</u>. But this only serves to underscore: 1) the fact that Mitsuiya lacks relevant minimum contacts with Michigan recently or at present;[2] and 2) the fact that Mitsuiya's alleged contacts with Michigan have been exclusively with non-parties and entirely unrelated to the current dispute between Mitsuiya and Rostami. [ECF No. 15-2 at ¶¶ 25-45]

---

[1] Even where Rostami references Mitsuiya, the facts presented are largely irrelevant. For example, Rostami asserts that from 2014-2017 Mitsuiya received royalties related to certain contracts between two non-parties to this suit, ConForm Automotive and FTT Holdings, and that those contracts listed a Michigan address *for ConForm*. [ECF No. 15-2 at ¶ 46]. These averments are simply too attenuated in relation to Mitsuiya's "minimum contacts" with or "purposeful availment" of Michigan, especially *in relation to this lawsuit*.

[2] Mitsuiya's personnel have very rarely visited the U.S. at all since the advent of COVID-19 in 2019.

- Rostami is a New York State law firm with no offices in Michigan, and Mitsuiya's contacts *with Rostami* all occurred between Japan and New York, save a single contact with Illinois relating to a mediation held in Chicago. [ECF No. 15-2 at ¶¶ 6; 50-52; 58]

- Mitsuiya's witnesses and records in this matter are exclusively in Japan [ECF 15-2 at ¶ 108], and Rostami's own anticipated witnesses and record evidence are almost all located outside of Michigan (once again underscoring how little connection there is between this dispute and Michigan) [ECF No. 15-2 at ¶¶ 113-116].

Faced with these unfavorable facts, Rostami vaguely asserts that its claims "emanate" from Mitsuiya's business relationship and dispute with Gissing [ECF No. 15-2 at ¶ 5], but that is not the standard the Court must apply regarding jurisdiction over Mitsuiya, and Rostami cannot bootstrap jurisdiction here to Mitsuiya's business with Gissing years ago. Rostami, who admits that it carries the burden to go beyond its pleadings and provide affidavits and facts establishing at least *prima facie* jurisdiction over Mitsuiya, fails to meet its burden with its single declaration focusing on the relationship between Mitsuiya and Gissing, a non-party.[3]

**II.** *Associação Brasileira de Medicina de Grupo v. Stryker Corp.* **Supports Dismissal on** *Forum Non Conveniens* **Grounds and Reflects That Japan Is An Adequate Alternate Forum**

---

[3] To the extent the Court concludes that the parties' written submissions have "raised issues of credibility or disputed issues of fact" Mitsuiya respectfully requests that the Court exercise its discretion to permit limited discovery and/or conduct an evidentiary hearing. *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988).

Rostami relies heavily on *Associação Brasileira de Medicina de Grupo v. Stryker Corp.*, 891 F.3d 615, 620 (6th Cir. 2018), citing it for the proposition that Mitsuiya was required to submit to the Court "guidance from [Japanese] legal experts or even citations to [Japanese] law or treatises." [ECF No. 15 at PageID.190] to prove that Japan would be an adequate alternate forum. But a cursory review of *Associação Brasileira* reveals its holding is precisely the opposite:

> [A] defendant bears the burden of identifying an alternative forum that meets [certain] criteria. *Hefferan*, 828 F.3d at 492. Our past decisions make clear that **the nature of the showing required to carry the burden depends on the nature of the case at hand.** In particularly clear cases, **pleadings and preliminary submissions alone may suffice**. For example, … *In Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357 (6th Cir. 2008), a case involving a fatal rental car crash in South Africa, no recourse to expert testimony was required. Instead, the defendant car rental company explained that the proper defendants were a set of South African corporations . . . **We had no trouble concluding that those South African corporations would be amenable to process in South Africa**. *Id.*

*Associação Brasileira*, 891 F.3d at 620 (emphasis added). Much like in *Toyota Motor Corp. Worldwide* and the other example cases cited by the Sixth Circuit in *Associação Brasileira,* there is no question in this case that Mitsuiya, a Japanese corporation with its principal place of business in Japan, will be amenable to process in Japan, and the Japanese courts are available to Rostami to solve its contract dispute with Mitsuiya. Moreover, the

suitability of Japan as an alternate forum is also supported by the sworn Declaration of Mitsuiya's President, Naoki Takahashi, which Rostami conveniently ignores. [*See* ECF No .12-2 at ¶¶ 12-13].

### III. The Court Should Follow *Int'l Techs. Consultants, Inc. v. Euroglas S.A.* And The Persuasive Precedents Cited By Mitsuiya

Rostami attempts to distinguish *Euroglas* by arguing, in a footnote, that there was a contractual choice of venue clause between the plaintiff and the defendant in that case that is not present here. [ECF No. 15, PageID. 188, fn. 3]. But Rostami's contract with Mitsuiya clearly contemplated New York as the situs for disputes, both in its inclusion of a New York choice of law provision and its discussion of alternative dispute resolution via New York State's Fee Dispute Resolution Program.[4] S*ee Euroglas*, 107 F.3d at 393 ("[C]ontractual choice-of-law provisions can play an important part in the jurisdictional analysis[.]"). All of the other factors considered by the Sixth Circuit in *Euorglas* are present here as well; the contract in dispute was signed out of state (in New York by Rostami and in Japan by Mitsuiya), and Michigan would be a "distant or inconvenient forum" for Mitsuiya, a foreign company. *See Id.*

Rostami's efforts to distinguish *Dekalb Genetics Corp. v. Syngenta Seeds, Inc.*, the case

---

[4] This dispute is ineligible to be resolved via the Program due to the dollar amount in controversy. The Program is limited to disputes under $50,000.00.

- 5 -

that speaks most directly to the jurisdictional facts and circumstances of this case, are equally unavailing. Rostami misrepresents *Dekalb's* holding, claiming the *Dekalb* court only held that a defendant's *defense* of an action in a forum did not subject it to jurisdiction in that forum going forward. [ECF No. 15, PageID.184]. But the holding in Dekalb speaks for itself: "a party's **initiation or defense** of a legal action in [a state's courts] **does not provide personal jurisdiction over that party in a separate suit**[.]" *Dekalb Genetics*, 2006 WL 3837143 at *4 (E.D. Mo. Dec. 29, 2006) (citations omitted and emphasis added). Other state and federal courts including the 11th Circuit Court of Appeals have reached the same conclusion when faced with the exact same issue, as set forth in Mitsuiya's principal brief at PageID.103.

Conversely, the remaining cases Rostami relies on are distinguishable from this case. For example, Rostami cites *Duha v. Agrium, Inc.*, 448 F.3d 867, 875-877 (6th Cir. 2006), arguing that because the Gissing bankruptcy case records are here in Michigan and in English it weighs against dismissal. But, critically, Rostami fails to explain why any filing in the bankruptcy case would have any bearing on the current dispute between Mitsuiya and Rostami. Mitsuiya does not dispute Rostami represented Mitsuiya in the bankruptcy proceeding. At issue is whether Rostami entered into multiple contracts,

purportedly on Mitsuiya's behalf, without authorization or consent, and without even informing or sharing them with its client, totaling over $800,000.00. The evidence at issue in this case will therefore be the written records and testimony of Mitsuiya's personnel, all located in Japan and primarily in Japanese, and the records and testimony of Rostami's personnel in New York and of the various third-party law firms and vendors, all of whom but one Rostami admits are located outside of Michigan.

Acknowledging that Mitsuiya previously participated in the Gissing litigation in Michigan, the fact remains the Court does not have personal jurisdiction over Mitsuiya in *this* case. Alternately, the Court should dismiss Rostami's complaint on *forum non conveniens* grounds, where Rostami is free to pursue its claims against its Japanese client in Japan or to try to pursue them in New York State, where Rostami is situated.

Respectfully submitted,

**Doerr MacWilliams Howard PLLC**
/s/ *Samuel L. Estenson*
Samuel L. Estenson (P82414)
301 N. Main Street, Ste. 260
Ann Arbor, MI 48104
(734) 926-2111
sam@dmhlawyers.com

Dated: December 6, 2024    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 6, 2024, a copy of the foregoing was filed via the Court's CM/ECF system, which will cause an electronic copy to be served on all counsel of record.

/s/ Samuel L. Estenson

Dated: December 6, 2024