## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FLORENCE ROSTAMI LAW LLC,

               Plaintiff,                Case No. 2:24-cv-11123

v.

                                        Hon. Brandy R. McMillion
                                        United States District Judge

MITSUIYA INDUSTRIES, CO. LTD.,

               Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (ECF NO. 12) AND TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Plaintiff Florence Rostami Law LLC ("FRL") brought this action against Defendant Mitsuiya Industries, Co. Ltd. ("Mitsuiya") for unpaid legal fees and costs. *See generally* ECF No. 1.   Before the Court is Mitsuiya's Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative for Dismissal or Transfer Due to Improper Venue.   ECF No. 12.   The Motion seeks dismissal under Federal Rule 12(b)(2) for lack of personal jurisdiction, pursuant to the doctrine of *forum non conveniens*; or, in the alternative, to transfer the action for improper venue under Federal Rule 12(b)(3) to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).   *See id.*   The Motion has been adequately briefed, so the Court will rule without a hearing.   *See* E.D. Mich. L.R. 7.1(f)(2).   For

the reasons below, the Court **GRANTS** the Motion; and orders **TRANSFER** of this case to the United States District Court for the Southern District of New York.

## I.

This action arises out of a dispute over legal services performed by FRL for Mitsuiya. Florence Rostami Law, LLC is a law firm operating as a limited liability company under the laws of the State of New York. *See* ECF No. 1, PageID.7. Mitsuiya is a Japanese automotive parts supplier, organized under the laws of Japan, with its principal place of business in Aichi Prefecture, Japan. ECF No. 12, PageID.92. Mitsuiya and FRL's relationship dates back to 2014, when Mitsuiya sought the advice of FRL relating to issues dealing with software licensing of U.S. companies. ECF No. 15, PageID.174. In 2019, the parties formalized their attorney-client relationship when Mitsuiya retained FRL as counsel to pursue litigation against a Michigan based technology company, Formed Fiber Technologies ("FTT"), in a licensing and trade secret dispute. *Id.* at PageID.174-175; ECF No. 12, PageID.93-94.

In April 2020, FRL filed *Mitsuiya Industries Co. Inc. v. Formed Fiber Technologies, Inc. et al.*, Case No. 2:20-cv-10941-TGB-RSW (E.D. Mich. Apr. 16, 2020) in this Court on Mitsuiya's behalf. ECF No. 12, PageID.94; ECF No. 15, PageID.175. While that litigation was pending, FTT and its related entities filed for bankruptcy in this district—*In re: Gissing North America LLC, et al.*, Case No. 22-

2

46160 (Bankr. E.D. Mich. Aug. 8, 2022).  The bankruptcy proceedings stayed the district court litigation and Mitsuiya appeared in the bankruptcy proceedings as a creditor.  ECF No. 12, PageID.93; ECF No. 15, PageID.176.  Other than appearing in these litigations, Mitsuiya alleges to have no other connections to or within the State of Michigan.  *See* ECF No. 12, PageID.93.

Relevant to this case, FRL, as retained counsel for Mitsuiya, engaged several third-party law firms and experts to assist with the bankruptcy proceedings.  ECF No. 12; PageID.94.  The bankruptcy proceeding eventually settled and as a result, FRL sent Mitsuiya a bill for the legal services provided.  *See* ECF No. 12, PageID.94; ECF No. 15, PageID.178.  Displeased with the amount, Mitsuiya filed a complaint with the Attorney Grievance Committee of the State of New York, Appellate Division, First Department (which, relevant to this Motion, is within the Southern District of New York).  *See* ECF No. 15, PageID.178.  That matter was ultimately dismissed because the Attorney Grievance Committee does not entertain fee disputes.  *Id.*

On April 29, 2024, FRL filed this lawsuit for nonpayment of fees for the services provided during their representation of Mitsuiya in this district.  *See generally* ECF No. 1.  Mitsuiya filed the instant motion to dismiss, alleging the Court lacks personal jurisdiction over it; and asserting in the alternative that the Court should dismiss under the doctrine of *forum non conveniens*, or transfer this matter to

3

the Southern District of New York.  *See generally* ECF No. 12.  The Motion has
been fully briefed.  *See* ECF Nos. 15,16.  Based on the briefing, the Court finds oral
argument unnecessary and will rule on the record before it.[1]  *See* E.D. Mich. L.R.
7.1(f)(2).

## II.

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for
dismissal for "lack of personal jurisdiction."  Fed. R. Civ. P. 12(b)(2).  When a court
decides a motion under Rule 12(b)(2):

> The plaintiff must first make a prima facie case, which can be done
> merely through the complaint.  The burden then shifts to the defendant,
> whose motion to dismiss must be properly supported with evidence.
> Once the defendant has met the burden, it returns to the plaintiff, who
> may no longer "stand on his pleadings but must, by affidavit or
> otherwise, set forth specific facts showing that the court has
> jurisdiction."

*Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020) (citations
omitted).  If the district court rules on a Rule 12(b)(2) motion without an evidentiary
hearing, the plaintiff need only make out a prima facie case that personal jurisdiction
exists.  *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)
(quoting *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)).  "The
plaintiff meets this burden by setting forth 'specific facts showing that the court has

---

[1] The Court does not believe that the written submissions raise any issues of credibility or disputed
issues of fact that would warrant an evidentiary hearing in this matter.  *See Am. Greetings Corp.
v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988).

jurisdiction.'" *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016) (quoting *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). "The pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and not weighed against 'the controverting assertions of the party seeking dismissal.'" *See Estate of Thomason ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360-61 (6th Cir. 2008).

A federal court's exercise of personal jurisdiction in a diversity of citizenship case must be both (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment. *See Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994). To determine if there is a lack of personal jurisdiction, the Court must first identify whether Michigan law authorizes jurisdiction. *See Rakestraw*, 545 F.3d at 361. If it does, then the Court must determine whether the authorization comports with the Due Process Clause of the Fourteenth Amendment. *Id.*

Michigan's limited personal jurisdiction statute has been extended "to the farthest limits permitted by due process." *See Sifers v. Horen*, 188 N.W.2d 623, 623-24 (Mich. 1971). When this happens, courts are instructed that the two inquiries merge and the court need only determine whether exercising personal jurisdiction violates constitutional due process. *See Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003).

Federal Rule of Civil Procedure 12(b)(3) permits a party to seek dismissal due to improper venue.  In determining a motion to dismiss under Rule 12(b)(3), the plaintiff bears the burden of proving that venue is proper under 28 U.S.C. § 1391. *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002).  The court must then determine whether the case has been filed in the proper judicial district, as set out in § 1391(b):

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action situated; or
>
> (3) if there is not a district in which any action may otherwise be brought as provided in this section, any district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Behamoun v. Moving Solutions, LLC*, 2:21-cv-10823, 2022 WL 3647802, at *3 (E.D. Mich. Aug. 24, 2022) (citing *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55-56 (2013)).

## III.

This Motion turns on two threshold questions: (1) whether the exercise of personal jurisdiction would be proper and (2) whether this Court is the appropriate venue to resolve this action.  The Court will address each issue in turn.

**A.    PERSONAL JURISDICTION**

The first question before the Court is whether the exercise of personal jurisdiction over Mitsuiya would be proper and the Court finds that it is not.  Personal jurisdiction can be "general" or "specific."  *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (citing *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002)).  General personal jurisdiction exists when "the defendant's affiliations with the forum state are so continuous and systematic as to render the defendant essentially at home there."  *Malone*, 965 F.3d at 501.  Both parties agree that this Court does not have general jurisdiction over Mitsuiya.  *See* ECF No. 12, PageID.99; ECF No. 15, PageID.179, n.1.

Specific personal jurisdiction depends on "an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."  *See Sullivan v. LG Chem., Ltd.*, 79 F.4th 651, 660 (6th Cir. 2023).  In diversity cases, specific jurisdiction in this Court depends on (1) the Michigan long-arm statute and (2) constitutional due process.  *See id.*  The Sixth Circuit has established a three-part test (the "*Southern Machine* test") to determine whether specific jurisdiction exists over a nonresident defendant:

> First, the defendant must purposefully avail himself of the privilege of conducting activities within the forum state; second, the cause of action must arise from the defendant's activities there; and third, the acts of the defendant must have a substantial enough connection with the

forum state to make its exercise of jurisdiction over the defendant fundamentally fair.

*See Cooper-Standard Auto., Inc. v. SFC Solutions Czestochowa Sp. z.o.o.*, 2023 WL 4844477, at *3 (E.D. Mich. June 13, 2023) (quoting *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

Here, Mitsuiya is adamant that it currently has no contacts with Michigan, and other than licensing deals from years ago that are now over, and the prior underlying litigation, it has had no dealings in Michigan at all. *See* ECF No. 12, PageID.92-93. It has no offices, no facilities, no suppliers, no subcontractors, no sales or purchases of parts or materials, no business interests—no connections at all. *Id.* Mitsuiya further claims that the only reason the underlying litigation was filed in Michigan is because FTT was headquartered in Michigan. *Id.* at PageID.93.

But as it relates to retaining FRL, Mitsuiya claims that all dealings with FRL were originated in New York and Japan. *Id.* at PageID.97. All meetings were held in Japan with FRL connected by telephone or in person in New York—not a single meeting took place in Michigan. *Id.* Further all payment of past fees were made to FRL's bank account in New York, not Michigan. *Id.* Mitsuiya also argues that all documents and evidence submitted in the bankruptcy proceeding in Michigan were prepared in New York or Illinois (where local bankruptcy counsel was located). Because "no aspect of the facts, no witnesses, and no documents related to Mitsuiya

8

and [FRL's] fee dispute are in Michigan[,]" Mitsuiya argues there is no personal jurisdiction over it in Michigan.  *Id.* at PageID.98.

FRL argues that personal jurisdiction exists over Mitsuiya because pursuant to Michigan's long-arm statute, "the transaction of any business within the state" and "[e]ntering into a contract for services to be performed or materials to be furnished in the state by the defendants[,]" both establish personal jurisdiction.  *See* ECF No. 15, PageID.181 (citing *Cooper-Standard*, 2023 WL 4844477 at *2).  But the Court disagrees with this analysis.  First, as it relates to the fee dispute, Mitsuiya did not "transact any business within the state."  FRL was the one who performed the legal services in Michigan—not Mitsuiya.  Performance of those services is precisely what Mitsuiya engaged FRL to do.  Moreover, the second prong is not fulfilled because the contract for services has to be for services to be performed by the *defendant*.  Again, Mitsuiya did not perform any services within the state of Michigan, FRL did.  So, neither provision of Michigan's long-arm statute establishes personal jurisdiction over the defendant, Mitsuiya.

The current dispute presents different circumstances than those before the *Cooper-Standard* and *Sullivan* courts.  In both of those cases, the parties had express agreements governing actual business activity that occurred between parties physically within Michigan.  *See, e.g.*, *Cooper-Standard*, 2023 WL 4844477, at *1; *see also Sullivan*, 79 F.4th 651, 659.  The agreements in those cases also included a

choice of law provision that stated Michigan law would govern if a dispute arose from the contract. *See, e.g.*, *Cooper-Standard*, 2023 WL 4844477, at *5; *see also Sullivan*, 79 F.4th 651, 659. In contrast, the facts before this Court show that the Retainer Agreement between Mitsuiya and FRL (a New York based law firm) expressly states that New York law would govern this transaction. *See* ECF No. 12-4, PageID.133. The Retainer Agreement also includes an arbitration provision that contemplates use of the State of New York Fee Dispute Resolution Program.[2] *Id.* The Court finds that these provisions obviate the thought that Mitsuiya could be "haled into" a Michigan court for a fee dispute between the parties; or that doing so would comport with the notion of "fair play and substantial justice." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 481-82 (1985).

FRL further argues that because Mitsuiya chose to initiate and pursue its legal claims against FTT in a Michigan federal court, that decision establishes a "strong basis for assertion of limited personal jurisdiction over Mitsuiya" with respect to this matter. ECF No. 15, PageID.185. The Court disagrees. Consent to file suit against FTT in this district and continue in bankruptcy proceedings in this district is insufficient for the exercise of personal jurisdiction over Mitsuiya. *See Dekalb Genetics Corp. v. Syngenta Seeds, Inc.*, No. 406CV01191 ERW, 2006 WL 3837143

---

[2] The only reason this case is not governed by that provision is because the Agreement excludes fee disputes under $1,000 and over $50,000 from that program. ECF No. 12-4, PageID.133.

(E.D. Mo. Dec. 29, 2006) (citing *United States of America v. Subklew*, 2001 WL 896473, at *3 (S.D. Fla. June 5, 2001) ("[A] party's initiation or defense of a legal action in Florida does not provide personal jurisdiction over that party in a separate suit . . . even where . . . the later suit arises from subject matter that is similar to the earlier suit.").

The issues in this case are distinct from those in the underlying litigation and bankruptcy proceeding.  Here, the parties are litigating a fee dispute, not the substance of either previous proceeding.  For personal-jurisdiction purposes, it's one thing to conduct business in a state, and another to simply use a firm in that state to sue a company in a federal court within that state.  The latter isn't enough to avail oneself of the court's jurisdiction, let alone enough to find that the defendant has met the minimum contacts within the state sufficient for asserting personal jurisdiction because "the plaintiff cannot be the only link between the defendant and the forum." *See Walden v. Fiore*, 571 U.S. 277, 285 (2014).  Under FRL's interpretation, a company who pursues litigation (even if only once) in a state would forever be subject to the jurisdiction of that state's courts—and this Court is unwilling to read such a broad interpretation into the personal-jurisdiction analysis.  Personal jurisdiction must be established independently in each action before the Court and FRL has failed to do so here.

Based on this, the Court finds that Plaintiff fails to meet the *Southern Machine* three-part test: (i) none of the facts suggest that Mitsuiya purposefully availed itself of Michigan as it relates to engaging FRL to provide legal services; (ii) in the performance of the Retainer Agreement, none of Mitsuiya's actions occurred in Michigan; and (iii) it would be fundamentally unfair to exercise jurisdiction over Mitsuiya when it has such limited contacts, if any, with Michigan. *Southern Mach.*, 401 F.2d at 381. Consequently, the Court finds that the exercise of personal jurisdiction over Mitsuiya would be improper.[3]

## B.    VENUE

While dismissal of this action for lack of personal jurisdiction would be appropriate, the Court still considers whether transfer to the Southern District of New York, as a proper venue, is suitable. The Court finds that it is.

Venue is proper in the judicial district (i) where any defendant resides, (ii) where the claim arose, or (iii) if neither of those exists, where any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b)(1)-(3); *see also Al-Muhaymin v. Jones*, 895 F. 2d 1147, 1148 (6th Cir. 1990). A district court may transfer any civil action to any other district or division where the action may have been brought,

---

[3] The parties also dispute whether the doctrine of *forum non conveniens* would be grounds for dismissal of this action. *See* ECF No. 12, PageID.110-113; ECF No. 15, PageID.189-195. However, because the Court finds that the lack of personal jurisdiction over Mitsuiya is dispositive, there is no need to address the doctrine of *forum non conveniens*.

for the convenience of parties and witnesses or in the interest of justice.  *See* 28

U.S.C. § 1404(a); *see also United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805-

06 (E.D. Mich. 2000); *Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

Further, transfer is permissible when the case could have been brought in another

district or division.  *See* 28 U.S.C. § 1406(a).  Transfer is generally favored over

dismissal when venue is proper in the transferee district.  *Nation v. U.S. Gov't*, 512

F. Supp. 121, 126-27 (S.D. Ohio 1981).

The factors that guide a district court's discretion in deciding whether to

transfer a case include: (1) the convenience of the witnesses; (2) the location of

relevant documents and the relative ease of access to sources of proof; (3) the

convenience of the parties; (4) the locus of the operative facts; (5) the availability of

process to compel the attendance of unwilling witnesses; (6) the relative means of

the parties; (7) the forum's familiarity with governing law; (8) the weight accorded

the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based

upon the totality of the circumstances.  *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809,

811 (E.D. Mich. 2000).

Here, the Court finds that the dispute over fees arose in New York and Japan.

Therefore, those would be proper forums to hear this case.  In exercising discretion

to transfer, the Court also finds that none of the *Overland* factors weigh in favor of

this Court retaining jurisdiction, especially considering the Court does not have

13

personal jurisdiction over Mitsuiya.   The contract governing FRL's legal representation on Mitsuiya's behalf was made in New York and Japan.   *See* ECF No. 15, PageID.174.   All the relevant documents concerning the scope of the representation, even if in electronic format, were entered into in New York and Japan. *See id.*  The witnesses that can testify to the terms of negotiating the contract, the services performed, and the payments made or withheld, are not located in Michigan—they are in New York, Japan, or both.[4]  And New York witnesses would be more easily compelled to appear in a New York court than one in Michigan. Notably, the parties' Retainer Agreement has a choice of law provision that states New York law will govern.   *See* ECF No. 12-4, PageID.133.  A New York court would be more familiar with New York law compared to a Michigan court.

The only factor that even slightly favors FRL is the weight given to the plaintiffs' choice of forum because FRL filed the case here.   While the Court still is not entirely sure why this venue was chosen, that factor alone is not enough for this action to remain before this Court.   FRL asserts that it filed in Michigan because this Court is familiar with the facts of the underlying case.   *See* ECF No. 15; PageID.188. However, familiarity with the underlying litigation (which was before a different

---

[4] The Court notes that FRL asserts that one of the retained experts for the bankruptcy case was located in Michigan and another now resides here, *see* ECF No. 15; PageID.175, 188, but that is not enough to override the overarching premises that the parties to *this* dispute are in New York and Japan.

Judge in this district) is not necessary to determine the dispute at issue—unpaid legal fees. A court in New York could do that just as well. The totality of the circumstances and the interest of justice strongly favor transfer to the Southern District of New York where the necessary facts and witnesses to resolve this matter are located within that judicial district.

The Court therefore finds that the *Overland* factors weigh in favor of transfer. Rather than dismiss the action completely based on a lack of personal jurisdiction, the Court will transfer this matter to the United States District Court for the Southern District of New York, where the case could have originally been filed.

## IV.

Accordingly, the Court **GRANTS** Defendant Mitsuiya's Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative for Dismissal or Transfer Due to Improper Venue (ECF No. 12) and **ORDERS** the Clerk to **TRANSFER** this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED.**

Dated: February 18, 2025         s/Brandy R. McMillion
      Detroit, Michigan         BRANDY R. MCMILLION
                                     United States District Judge